IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KATHERINE FRANKLIN,

      **Plaintiff,**

v.                                        Civil Action No. 3:10-CV-1581-D (BK)

**THE LAW FIRM OF SIMON,
EDDINS & GREENSTONE, LLP,**

      **Defendant.**

## FINDINGS, CONCLUSION AND RECOMMENDATION

Pursuant to the District Court's order of reference filed November 13, 2010, Defendant's *Motion for Rule 11 Sanctions*, filed October 15, 2010, has been referred to the undersigned. (Docs. 7, 13). For the reasons set forth herein, Defendant's motion should be **DENIED WITHOUT PREJUDICE**.

In August 2010, Plaintiff filed suit against the Defendant law firm, her former employer, alleging that she was illegally fired from her job in violation of Title VII of the Civil Rights Act of 1964 based on her gender and in retaliation for her advising her employers at the time of her termination that she had been in contact with the Equal Employment Opportunity Commission about filing a charge of discrimination. (Doc. 1 at 2-3). Plaintiff alleged the following facts in support of her complaint: While at work, she received an e-mail from a law firm associate containing pornographic images. (*Id.* at 7). The e-mail containing the images indicated that the photos were of a law firm partner. (*Id.* at 7-8). Plaintiff contends that the sender of the e-mail apologized to her, and she subsequently learned that the e-mail had been mistakenly sent to her.

(*Id.* at 8). While acknowledging that the e-mail itself did not violate Title VII, she claims that she subsequently became subject to a hostile work environment. (*Id.*). Plaintiff stated that during her termination session, one of the partners threatened that if she tried to sue the firm, it would countersue her for defamation among other things. (*Id.*).

Defendant now moves for Rule 11 sanctions, asking the Court to (1) strike various false and defamatory allegations from Plaintiff's complaint; (2) dismiss her claims with prejudice; and (3) tax costs and attorney's fees against Plaintiff. (Doc. 7 at 14, 20). Defendant so moves under two provisions of Rule 11 which provide that an attorney who files a pleading in court thereby certifies that

> to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) [the pleading] is not being presented for any improper purpose, such as to harass . . . and (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

(*Id.* at 14) (quoting Fed.R.Civ.P. 11(b)).

Defendant claims, and has submitted voluminous supporting material as evidence, that Plaintiff was fired following an investigation into her e-mails. The investigation was initiated when Plaintiff, unhappy with her performance review, complained to a partner about the pornographic e-mail. Defendant contends that its internal investigation revealed that Plaintiff had been illegally trading prescription anti-anxiety drugs with a co-worker, which is a felony. During the resulting termination session, Plaintiff admitted to trading drugs, so the firm's partners fired her as well as the co-worker. (*Id.* at 5-7, 12-13, 15-16). Further, Defendant maintains that the pornographic e-mail was merely a practical joke, did not portray the firm's partner, and was not meant to be seen by Plaintiff. Additionally, Defendant argues, Plaintiff

2

learned it was a joke and, within three minutes of seeing it, sent e-mail indicating she was laughing about it. (*Id.* at 7-9). Defendant points out that Plaintiff forwarded the e-mail to her private e-mail account and sent another e-mail to a work friend that read, "I'm so in like Flynn. I just sent those emails to my home email address. If they ever fire me . . . whoa – watch out!" (*Id.* at 9). This, Defendant argues, proves that Plaintiff filed this action for purposes of harassment and extortion, and Plaintiff's complaint contends numerous untrue, misleading and/or defamatory allegations that are contradicted by Defendant's supporting evidence. (*Id.* at 13-16). Defendant also argues that Plaintiff could not have been offended by the supposedly offensive e-mail or any profanity she encountered on the job given the numerous profanity-ridden e-mails that she herself sent. (*Id.* at 5-7, 9-10).

Following an order to show cause issued by the undersigned, Plaintiff has responded to Defendant's Rule 11 motion. Plaintiff states that she does not believe any of her complaint's allegations are defamatory, although counsel admits to certain errors in his pleading and states that he will amend the complaint to correct the errors. (Doc. 19 at 6). Plaintiff maintains that Defendant's reasons for terminating her were pretext, and there are numerous material factual issues in dispute that are properly considered only at the summary judgment stage, such as her intent in sending the "whoa – watch out" e-mail to a co-worker, whether she was unhappy with her performance review when it was better than adequate, and whether she initially was offended by the pornographic e-mail. (*Id.* at 4-5, 13). Plaintiff's counsel contends that he adequately investigated the facts of the case by interviewing Plaintiff and her co-worker friend who also was fired. (*Id.* at 16).

Defendant replies that there is no contested fact issue about whether Plaintiff found the

3

pornographic e-mail disturbing because their evidence reveals that she knew it was a joke and thought it was funny within three minutes of receiving it, while her complaint takes the position that the e-mail was serious. (Doc. 21 at 6-7). Defendant requests that if the Court does not grant its motion in its entirety, it should strike the defamatory allegations and award it attorney's fees. (*Id.* at 10).

Rule 11 provides that when an attorney presents a signed pleading to the court, the attorney acknowledges that it is not being presented to harass, and the factual contentions have evidentiary support or likely will after discovery. FED.R.CIV.P. 11(b)(1), (3). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED.R.CIV.P. 11(c)(1). Sanctions may include (1) nonmonetary sanctions, (2) an order to pay a penalty to the court, or (3) "if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." FED.R.CIV.P. 11(c)(4).

In terms of the "improper purpose" inquiry under Rule 11, subjective bad faith is not an element. Instead, "the court must focus on objectively ascertainable circumstances that support an inference that a filing harassed the defendant . . ." *FDIC v. Maxxam, Inc.*, 523 F.3d 566, 581 (5th Cir. 2008). Generally, district courts do not sanction attorneys who make nonfrivolous representations, but may do so where it is objectively ascertainable that an attorney submitted a pleading for an improper purpose. *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 805 (5th Cir. 2003); *see also FDIC v. Maxxam, Inc.*, 523 F.3d 566, 581 (5th Cir. 2008) (holding

4

that the court must focus on objectively ascertainable circumstances that support an inference that a filing harassed the defendant, and purely subjective elements should not be introduced into the determination).

In terms of making findings about whether a pleading adequately was investigated before filing, "the court must consider factual questions regarding the nature of the attorney's prefiling inquiry and the factual basis of the pleading or other paper." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399 (1990). To that end, sanctions are often imposed later in the proceedings as opposed to immediately after the filing of a complaint. *See, e.g., id.* at 389-90 (noting that Rule 11 sanctions were not imposed until after plaintiff voluntarily dismissed its complaint even though defendant had sought Rule 11 sanctions in conjunction with its motion to dismiss); *see also Jennings v. Joshua Indep. School Dist.*, 948 F.2d 194, 196 (5th Cir. 1991) (holding that Rule 11 sanctions imposed after five-day jury trial were justified when litigant and his attorney failed to conduct a reasonable inquiry into the facts or law prior to filing suit); *Search v. Houston Lighting & Power Co.*, 907 F.2d 562, 563-64 (5th Cir. 1990) (ruling that Rule 11 sanctions were justified after the district court warned plaintiff that sanctions would be awarded for the filing of frivolous claims, but plaintiff nevertheless amended his complaint to allege frivolous claims he had no standing to assert).

Although Defendant's evidence is persuasive, at this juncture the undersigned is not able to *objectively* ascertain that Plaintiff's counsel submitted the complaint for an improper purpose. *Whitehead*, 332 F.3d at 805. Further, because the case is in its infancy and the facts are not fully developed, the undersigned is not in a position to make factual findings regarding the adequacy of counsel's prefiling inquiry under the particular circumstances of this case. *Cooter & Gell*, 496

5

at 399. The court's imposition of Rule 11 sanctions of the magnitude that Defendant requests will require further development of the record. Nevertheless, the undersigned is not unsympathetic to Defendant's concerns about the provocative nature of the complaint, especially given that Plaintiff acknowledges that it contains at least some erroneous information.

Accordingly, for the reasons stated above, the Court should **DENY WITHOUT PREJUDICE** Defendant's *Motion for Rule 11 Sanctions* (Doc. 7). Further, Plaintiff should be **DIRECTED** to file an amended complaint by February 4, 2011, and should be advised to exercise caution in drafting her complaint because she and her counsel remain subject to Rule 11 sanctions should the Court find such to be warranted at a later date. Upon Plaintiff's filing of her amended complaint, the Clerk of the Court should be **DIRECTED** to strike Plaintiff's original complaint (Doc. 1) from the record.

**SO RECOMMENDED** on January 24, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE