IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KATHERINE FRANKLIN, et al., | § |
| | § |
| Plaintiffs, | § |
| | § Civil Action No. 3:10-CV-1581-D |
| VS. | § (Consolidated with |
| | § Civil Action No. 3:11-CV-0111-D) |
| THE LAW FIRM OF SIMON, EDDINS | § |
| & GREENSTONE, L.P., et al., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

Plaintiffs move to extend the discovery deadlines and defendant moves without opposition to seal certain pleadings and documents. The court grants plaintiffs' motion but directs defendant to file a supplemental pleading that substantiates its broad sealing request.

I

The court considers first plaintiffs' May 4, 2012 motion for extension of discovery deadlines. Plaintiffs request that the court reopen discovery for an additional 120 days so that they can (1) take between four and seven depositions, (2) supplement prior discovery (within 30 days) and, in doing so, avoid the need for a motion for sanctions, and (3) redesignate (within 30 days) Franklin's treating physician as an expert witness. Plaintiffs also request the opportunity to conduct further written discovery and, if defendant refuses to produce a privilege log, file a motion to compel. They also request adjustments in related deadlines.

A

Discovery in this case closed on August 5, 2011. Four days before the discovery period expired, plaintiffs noticed five depositions. These depositions were scheduled for August 3, 2011, but plaintiffs' counsel, Frank P. Hernandez, Esq. ("Hernandez"), canceled the depositions on August 2, 2011 and did not seek court permission to reschedule them.

Hernandez suffered a traumatic brain injury and underwent surgery on August 6, 2011. As a result of his incapacitation, plaintiffs requested, and the court granted, a 90-day abatement of this case. The court then issued an order, at defendant's request, clarifying that the abatement applied only to discovery deadlines that had not yet expired. The court also required the parties to submit a proposed amended scheduling order no later than the expiration of the 90-day abatement period.

Rather than submit a joint proposed amended scheduling order, as the court had directed, the parties filed separate "status reports" and replies. Plaintiffs stated in their "Status Report" that they anticipated filing a motion to extend deadlines because four depositions were needed to complete discovery. In their "Reply," plaintiffs' counsel stated that he was ready to take the depositions of three employees of defendant, and appeared to seek a 90-day extension of the discovery deadline. The court issued an order on February 9, 2012 requiring the parties to submit a joint scheduling proposal and instructing plaintiffs that if they intended to request an extension of the discovery deadlines, they must do so by separate motion.

On February 16, 2012 plaintiffs' counsel suffered a fatal heart attack. On learning of

Hernandez's death, the court granted the parties an extension until May 4, 2012 to respond to the court's February 9, 2012 order. Plaintiffs proceeded *pro se* until they retained new counsel, Janette Johnson, Esq., on April 23, 2012. On May 3, 2012 the parties filed a "joint scheduling proposal," in which they acknowledged that the only deadlines eligible for rescheduling were those occurring after September 28, 2011 and requested different deadlines for motions for summary judgment and other motions.[1]

B

Fed. R. Civ. P. 16(b)(4) governs a party's request to extend the discovery period after the deadline established by a scheduling order has passed. *Cartier v. Egana of Switzerland (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). To modify the scheduling order, a party must demonstrate good cause and obtain the judge's consent. *Id*. "To meet the good cause standard, the party must show that, despite its diligence, it could not reasonably have met the scheduling order deadline." *Id*. (citing *S & W Enters., L.L.C. v. S. Trust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003)). In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation; (2) the importance of the requested relief; (3) potential prejudice in granting the relief; and (4) the availability of a continuance to cure such prejudice. *See S & W Enters.*, 315 F.3d at 536.

---

[1]Defendant proposed that the deadline for filing motions for summary judgment and motions not otherwise covered by the amended scheduling order be set for June 8, 2012, or within 30 days of the entry of a revised scheduling order. Plaintiffs proposed that the deadline be set not earlier than 150 days after the entry of a revised scheduling order.

Having considered the four factors, the court concludes that plaintiffs' motion should be granted. Although the court finds that plaintiffs' former counsel was less than diligent in conducting timely discovery, the combination of Hernandez's failing health near the end of the discovery period, his prior attempt to extend the discovery deadlines through his "Status Report" and "Reply," and the necessity for plaintiffs to obtain new counsel on Hernandez's death present sufficient justification for plaintiffs' failure to meet the discovery deadline.

Defendant's contention that subjecting it to additional discovery and further prolonging this matter will put pressure on it to settle the suit to avoid additional discovery costs does not present the type of concrete and particularized prejudice that will typically justify denying a motion to extend discovery deadlines. Accordingly, the court grants plaintiffs' motion.

The court extends the discovery deadline until 120 days after the date this memorandum opinion and order is filed. The parties must file a joint status report and estimate of trial length within 120 days after the date this memorandum opinion and order is filed. A party with the burden of proof on a claim or defense must designate expert witnesses and otherwise comply with Rule 26(a)(2) no later than 30 days after the date this memorandum opinion and order is filed. A party who intends to offer expert evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)" must designate expert witnesses and otherwise comply with Rule 26(a)(2) no later than 60 days after the date this memorandum opinion and order is filed. A party must file a motion for summary judgment no later than 150 days after the

date this memorandum opinion and order is filed.

II

Defendant moves to seal certain pleadings and documents, arguing that because these documents contain false and defamatory allegations of a sexual and personal nature concerning defendant and some of its current and former partners, good cause exists to seal them. Although the motion is unopposed, the court has an obligation to ensure that sealing the requested documents is warranted.

Generally, the public has a common law right to inspect and copy judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This common law right, however, is not absolute. *Id.* at 598. "A court may deny access to records if the records become a vehicle for improper purposes." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689 (5th Cir. 2010) (citing *Nixon*, 435 U.S. at 597-98). "Nevertheless, a court must use caution in exercising its discretion to place records under seal." *Id.* at 689-90 (citing *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987) ("The district court's discretion to seal the record of judicial proceedings is to be exercised charily[.]")). "[T]he power to seal court records must be used sparingly in light of the public's right to access." *Id.* at 690.

In analyzing requests to seal court documents, courts emphasize the presumption of public access to judicial records and often require compelling reasons to seal court documents. This is more stringent than the requirement for showing good cause to support the issuance of a protective order. *Compare In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th

Cir. 1998) (per curiam) (protective order for documents exchanged in discovery) *with S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (sealing documents filed with the court). "The burden is on the party seeking to seal court documents to establish that the presumption of public records should be overcome." *Torres-Montalvo v. Keith*, 2011 WL 5023271, at *1 (S.D. Tex. Oct. 17, 2011) (citing *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221-22 (3d Cir. 2011); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)). The Fifth Circuit has explained that the presumptive right of public access to judicial records applies even when the information may not be of particular interest to the public. *See Macias v. Aaron Rents, Inc.,* 288 Fed. Appx. 913, 915 (5th Cir. 2008).

Defendant requests that the court seal thirteen court documents in this case and three court documents in a related case, *Diener v. The Law Firm of Simon, Eddins & Greenstone, LLP*, No. 3:11-CV-0111-D.[2] Although defendant generally characterizes these documents as "false and defamatory" and points to the sexual and personal nature of the allegations, which "could be used to embarrass and harass Defendant and its current and former partners and associates," D. Mot. Seal 4-5, defendant has not met its burden of establishing that, as to these 16 court records, the presumption of public records should be overcome. In many, if not most, sexual harassment cases, there will be documents of a "sexual and personal nature," *id.* at 4, that will undoubtedly cause embarrassment to a party. This is in many

---

[2]The two cases were consolidated by court order on April 21, 2011.

respects due to the subject matter of the litigation and the nature of the claim itself.  It is unclear from the present motion and record why all of the allegations (or any particular ones) should be shielded from public disclosure.

Moreover, although the court does not suggest that there are not some documents or parts of documents that may be appropriate for sealing, defendant's facially overbroad request fails to address why all of the documents on the list, and all parts of all of the documents on the list, should be sealed.  For example, it is not clear why the documents defendant lists in its motion must be sealed in their entirety rather than sealed only as to the portions that contain allegedly false and defamatory statements.

Accordingly, so that the court can determine whether defendant has met its burden of establishing that the presumption of public records should be overcome, it directs that defendant file a supplement to its motion to seal.

\* \* \*

Accordingly, the court grants plaintiffs' May 4, 2012 motion for extension of discovery deadlines.  The court directs that defendant file a supplement to its June 6, 2012 unopposed motion to seal certain pleadings and documents.

**SO ORDERED**.

June 14, 2012.

SIDNEY A. FITZWATER
CHIEF JUDGE